COOLEY LLP
Teresa H. Michaud (Bar No. 296329)
(tmichaud@cooley.com)
Sara Victoria M. Pitt (Bar No. 317611)
(sporter@cooley.com)
Aastha Sharma (Bar No. 366392)
(asharma@cooley.com)
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

COOLEY LLP
Kristine A. Forderer (Bar No. 278745)
(kforderer@cooley.com)
3 Embarcadero Center, Floor 20
San Francisco, CA 94111
Telephone: +1 415 693 2128
Facsimile: +1 415 693 2222

Attorneys for Defendant
BOOKING HOLDINGS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BOOKING HOLDINGS INC.,

Defendant.

Case No. '26CV4397 JES DEB

**NOTICE OF REMOVAL PURSUANT TO 28 USC §§ 1332, 1441 & 1446**

[Removed from the Superior Court of California, County of San Diego, Case No. 26CU021517C]

State Court Complaint Filed: April 17, 2026

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS ON RECORD:**

**PLEASE TAKE NOTICE** that Defendant Booking Holdings Inc. ("Defendant" or "BHI") hereby removes the above-captioned case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1] Removal is proper under the Class Action Fairness Act ("CAFA"), which grants this Court original jurisdiction over this case because it is a civil putative class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the proposed class consists of 100 or more members, and at least one class member is a citizen of a state different from at least one Defendant. 28 U.S.C. § 1332(d)(2). As grounds for removal of this action pursuant to 28 U.S.C. § 1446(a), BHI states as follows:

**Procedural Background and Timeliness of Removal**

1. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon BHI in state court are filed with this Notice of Removal.

2. On April 17, 2026, Plaintiff Miguel Rodriguez ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of California, County of San Diego, in the case captioned *Miguel Rodriguez v. Booking Holdings, Inc.*, Case No. 26CU021517C (the "State Court Action"). The Complaint asserts six causes of action against BHI: "Violation of Cal. Penal Code § 502," "Violation of Cal. Penal Code § 638.51(a)," "Violation of Art. 1 § 1 of the California Constitution," "Violation of Cal. Bus. & Prof. Code § 17200, *et seq*," "Breach of Confidence," and "Intrusion Upon Seclusion." Compl. ¶¶ 71-136.

3. On July 1, 2026, the registered agent for service of process for BHI

[1] BHI submits this Notice of Removal without prejudice to all defenses available to it, including, without limitation, based on lack of personal jurisdiction.

received a packet containing a Summons, Complaint and Civil Case Cover Sheet.[2] Pursuant to 28 U.S.C. § 1446(a), true and correct copies of these documents, as well as all other process, pleadings, and orders in the State Court Action are attached as **Exhibits A-H** of the Declaration of Teresa H. Michaud ("Michaud Declaration").

4. The Notice of Removal is timely because it has been filed within thirty days of service of the Complaint on BHI. *See* 28 U.S.C. § 1446(b)(1).

## Venue

5. Venue is proper in this District because the lawsuit was originally filed in the Superior Court of California, County of San Diego, which is within the territory of the United States District Court for the Southern District of California. The United States District Court for the Southern District of California comprises San Diego County. *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also* 28 U.S.C. § 84(d).

## Notice to State Court and Adverse Parties

6. As required by 28 U.S.C. § 1446(d), BHI will promptly give written notice of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the clerk of the Superior Court of California, County of San Diego.

## Grounds for Removal: This Court Has Original Jurisdiction Under CAFA

7. This Court has original jurisdiction pursuant to CAFA, because the action is a putative class civil class action in which: (1) the number of members of the proposed Plaintiff class consists of 100 or more members; (2) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and (3) at least one class member is a citizen of a state different from at least one Defendant. *Id.* §§ 1332(d)(2), (d)(5)(B), & (d)(6).

[2] Pursuant to California Rules of Court Rule 3.110(b), Plaintiff was required to serve the Complaint on BHI no later than June 16, 2026—60 days after filing. Plaintiff failed to meet that deadline, untimely serving BHI ***75*** days after filing of the Complaint.

### A. As Alleged, The Amount-In-Controversy Exceeds $5 Million

8. First, assuming, without admitting, that the allegations in the Complaint are true, the proposed class consists of 100 or more members. Plaintiff seeks certification of a class that includes: "All California citizens who, while located within California at any time during the applicable limitations period . . . , visited the booking.com, kayak.com, or momondo.com websites." Compl. ¶ 65. Plaintiff alleges that "[g]iven the popularity of the Websites, the number of persons in the class is estimated to be in the thousands, if not millions." *Id.* ¶ 66. "[T]housands of individuals" implies "a logical minimum of 2,000 class members." *Tompkins v. Basic Rsch. LLC*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008).

9. Second, assuming, without admitting, that the allegations in the Complaint are true, the amount in controversy exceeds $5,000,000, as required for removal under CAFA. 28 U.S.C. § 1332(d)(6) states that "the claims of individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." The amount in controversy "reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Further, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. Plaintiff alleges that "each [class member] seeks statutory damages of $5,000 for each of Defendant's violations of CIPA § 638.51(a)." Compl. ¶ 100; *see also* Cal. Penal Code § 637.2(a)(1). Assuming a minimum class of 1,001 plaintiffs (class "estimated to be in the thousands, if not millions," Compl. ¶ 66), the aggregate amount in controversy would be $5,005,000. Accordingly, the available statutory damages in this action under CIPA alone demonstrate that the amount in controversy exceeds the $5,000,000 minimum for CAFA jurisdiction.

11. Plaintiff additionally alleges that he and the class members are entitled

to attorneys' fees, restitution, disgorgement of profits, and punitive damages. Compl. ¶ 91, 108, 135, 137. While BHI again disputes that any such damages are available or proper here, in addition to the statutory damages considered above, Plaintiffs' request makes it even more plausible that the amount in controversy exceeds the $5,000,000 threshold. *See e.g., Medeiros v. HSBC Card Servs., Inc.*, 2017 WL 11632870, at *9 (C.D. Cal. Oct. 23, 2017) (approving over $4,000,000 in attorneys' fees from class settlement funds for CIPA claim).

**B. Minimal Diversity Exists**

12. Finally, Plaintiff alleges that he "is a citizen of California residing in San Diego," and is seeking certification of a class that includes "[a]ll California citizens." Compl. ¶ 62, 65. Plaintiff also alleges that Defendant "is a Delaware corporation headquartered . . . [in] Connecticut." *Id.* ¶ 8; *see Lea v. Mid City Division Police Dept.*, 2022 WL 3019853, at *2 (S.D. Cal. July 29, 2022) ("The citizenship of a corporation is where the entity is incorporated or has its principal place of business"). As such, Defendant is a citizen of a state different from Plaintiff and all prospective class members, and the district court has jurisdiction over this action. 28 U.S. Code § 1332(d)(2)(A).

**CONCLUSION**

13. For the foregoing reasons, this Court has original jurisdiction over Plaintiff's claims against BHI, and this action may be removed to the United States District Court for the Southern District of California.

Dated: July 31, 2026

COOLEY LLP

By: */s/ Teresa H. Michaud*
Teresa H. Michaud

Attorneys for Defendant
BOOKING HOLDINGS INC.